## Springer *v.* Stiver.

*Practice, C. P.—Trial—Charge of court—Comment on testimony.*

It is not error for a trial judge to comment on the testimony of a witness, and to call attention to its inherent probability or improbability, provided he does it fairly, and leaves the question of his credibility to the jury.

In an action of assumpsit for board and lodging, where the defendant alleges that he loaned money to the husband of plaintiff to buy the farm upon which plaintiff lived with her husband, and that a part of the transaction was that he should receive board and lodging free when in the neighborhood, the court may in its charge call the jury's attention to the fact that when the loan was made the husband agreed to pay interest upon it.

*Husband and wife—Boarding house—Mortgage—Interest.*

That fact that a husband permits his wife to keep boarders and to receive the pay therefor, does not impose on her an obligation to pay the interest on a mortgage on the premises given for a loan to her husband; nor is such an arrangement a fraud on the mortgagor which he can set up as a defense to an action by the wife against him for board and lodging.

*Practice, C. P.—Trial—Sending out paper with jury—Appeals—Assignments of error.*

The Superior Court will not consider an assignment of error based on certain instructions of the trial judge as to a paper sent out with the jury, where the paper does not appear in the record.

*Appeals—Assignments of errors—Rule 16 of the Superior Court.*

An assignment of error which omits a part of a sentence in the charge, which explains the part assigned for error, violates Rule 16 of the Superior Court, and will not be considered.

Argued Dec. 7, 1900. Appeal, No. 139, Oct. T., 1900, by defendant, from judgment of C. P. Montgomery Co., June T.,

1899, No. 39, on verdict for plaintiff, in case of Catharine K. Springer v. Samuel Stiver. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for board and lodging. Before WEAND, J.

From the record it appeared that plaintiff claimed to recover the sum of $3,662.50 for board and lodging extending through a period of about fourteen years. The defendant pleaded non assumpsit, payment, set-off and the statute of limitations.

At the trial it appeared that in 1893, defendant loaned to Jacob Springer, plaintiff's husband, the sum of $2,700 with which to buy the farm upon which the plaintiff and her husband lived. To secure this sum he took a mortgage on the farm with interest at five per cent. Defendant testified that a part of this transaction was that he was to have free board and lodging when he was in the neighborhood, his occupation being a country peddler.

The court charged in part as follows :

The evidence discloses that the parties went to look at the premises, that they were bought and that Mr. Stiver took his mortgage, but that the mortgage called for a regular rate of interest, five per cent, and that Mr. Stiver afterwards demanded that interest, brought suit upon his mortgage, had the interest calculated, sold the property and bought it in. [Now you will see that the effect of the defendant's contention, if true, is that in return for this investment of his money, he was not only to get interest on it, but he was to get his boarding and lodging, and you will therefore see that if that was the case he would be getting twice if not three times the ordinary rate of interest. You will have to take this into consideration in order to determine the probability of such an arrangement ever having been entered into.] [1] Again, it is not stated how long he was to stop there or under what terms he was to be received in the family. It is also claimed by him that he performed work about the premises, such as husking corn, cutting the weeds, fixing up the ditches and doing various things around the premises, and it is claimed that this is corroborative of his contention that he was living there not as a boarder but as one of the family without any idea of his being charged for board. These are all

facts that you can carefully consider in order to arrive at a proper conclusion.

\* \* \* \* \* \* \* \* \*

If you find with the plaintiff, if you find in the first place that he was chargeable with board at all, then the second question arises as to why the wife is entitled to recover in this case. [Ordinarily the husband is the master of his house, and when boarders come to the house the husband is the one to whom the amount due is payable; but a man can allow his wife to reap the benefit of her labor, and can agree that she may take boarders and receive pay therefor, and in this case you have heard the testimony of both Mr. Springer and his wife that the wife had all to do with this, and then when anything was said about it Mr. Springer always said, " You must look to the wife," because the testimony was that he had no claim on this account, but that it was entirely his wife's; and if you believe that, here would be an agreement on his part that the boarding, if any was due, should be paid to the wife.] [3]

\* \* \* \* \* \* \* \*

There has been no evidence given here upon which you can make a correct mathematical conclusion. It is said that the reason why she should be allowed the rates claimed is first, because he was an inordinate eater, he was a man of large appetite. Well, if you take a boarder into your house and there is no arrangement between you, if you find that his appetite is more than you expected, and you expect to charge him more than the usual rate, your duty is to notify him and then he has either got to lessen his appetite or pay your price. It is also said that the reason why fifty cents is charged for the lodging is because of his habits. It is said that he had sores breaking out over him and that instead of going to the doctor he got shoemaker's wax and put on them, and when he went to bed this would adhere to the bedclothing. Some of you may have lived in the country and are old enough to know that that is not an unusual thing for some people to use shoemaker's wax for boils and pimples and things of that kind. Whatever it was, if it ruined her bedclothing and therefore put her to extra trouble and extra expense, [it is for you to say as to whether or not he should be charged more than the ordinary rates; but here again I would consider—although that is a question for you—

184, (1901).]    Charge of Court—Opinion of the Court.

as to whether if she intended to charge him more than the usual rates, she should not have given him notice that his habits would warrant a higher charge than usual.] [4]

Now, gentlemen, you have the whole case and I trust you will be able to arrive at such a verdict as will satisfy both parties.    You will have some trouble probably if you find that the plaintiff is entitled to recover at all, in arriving at an estimate. [The plaintiff will send out to you a statement of her claim. You must not accept that as a verity; that is, you must not assume that she is entitled to recover that, but it is sent out to you for the purpose of giving you some data upon which you can base a verdict.] [5]

Verdict and judgment for plaintiff for $778.88.    Defendant appealed.

*Errors assigned* were (1, 3, 4, 5) above instructions, quoting them.    (2) Refusal of binding instructions for defendant.

*George T. Hunsicker*, with him *Joseph W. Hunsicker*, for appellant.

*Harvey L. Shomo* and *C. Tyson Kratz*, for appellee.

OPINION BY RICE, P. J., January 22, 1901:

This was an action of assumpsit for board and lodging furnished the defendant.    An examination of his testimony shows that one of his defenses was, that, at the time he loaned the money to the plaintiff's husband to enable the latter to buy the farm upon which they lived, it was understood that he was to have a place of abode with them when he was in the neighborhood, and was not to pay for his board.    We quote his language: "It was understood that I was not to pay board, that it was merely a temporary home for me when I was in the neighborhood, stopping place.    That is what I wanted it for, or else I would not have put it in."    This allegation being denied by the plaintiff an issue of fact was raised.    Inasmuch as the plaintiff's husband stipulated to pay the usual rate of interest on the loan, it surely was proper for the jury in weighing the conflicting testimony to take into consideration the probability or improbability of the defendant's allegation, that, in addition, he

was to be boarded and lodged free of charge. And if it was a proper matter for the jury's consideration, it was not improper for the judge in reviewing the evidence and reciting the respective contentions of the parties to call their attention to it. "It is not error for a trial judge to comment on the testimony of a witness and to call attention to its inherent probability or improbability, provided he does it fairly and leaves the question of his credibility to the jury:" McNeile v. Cridland, 6 Pa. Superior Ct. 428. The question was, what was the agreement at the time the loan was made? The fact that the plaintiff's husband defaulted in the payment of the interest stipulated for in the mortgage could not affect that question. We find no error in the excerpt from the charge which is the subject of the first specification.

We have carefully considered the elaborate argument of the defendant's counsel as to the liability of an undisclosed principal, but do not deem it necessary to discuss the questions suggested in this branch of his argument because we are of opinion that they do not fairly arise in this case. It is sufficient to say, that under no view of the evidence was there such an obligation on the part of the plaintiff to pay the interest on the loan to her husband as would entitle the defendant to plead the same as a set-off to her claim.

Under the evidence it was for the jury to determine whether the board and lodging were furnished by the plaintiff or by her husband. The fact that a husband permits his wife to keep boarders and to receive the pay therefor does not impose on her an obligation to pay the interest on a mortgage on the premises given for a loan to her husband. Nor can we see that such an arrangement is a fraud on the mortgagee which he can set up as a defense to an action by the wife against him for board and lodging. The court committed no error in refusing the defendant's request for binding instructions or in the instructions complained of in the third specification.

We cannot intelligently pass on the fourth specification without having before us the paper sent out with the jury. Therefore, this assignment is overruled. We remark, however, that if, as is positively asserted by the plaintiff's counsel it was nothing more than a statement of the number of meals and lodgings furnished within six years, there was no error in giving it to

184, (1901).]                    Opinion of the Court.

the jury with such instructions as the court gave in the present instance. See Phillips v. Stroup, 1 Mona. 517, and O'Hara v. Richardson, 46 Pa. 385, 389.

The fifth specification is not in accordance with Rule 16, because it omits part of the sentence which explains the part assigned for error. We call attention to our remarks in the recent case of Brinton v. Walker, No. 155, October Term, 1900. Read with the context, which explains it, the excerpt from the charge complained of in this assignment is free from error.

The case was for the jury, and the charge, whether viewed in respect of the instructions upon the law, or the review of the evidence and the contentions of the parties, was clear, adequate and impartial.

Judgment affirmed.